Brigita GUMSEY, Plaintiff-Appellant,

v.

Daniel CRAWFORD, Defendant-Appellee.

No. 79–3716.

United States Court of Appeals,
Sixth Circuit.

Argued March 1, 1982.

Decided June 8, 1982.

Ralph S. Tyler, Robert S. Catz, The Legal Clinic, Cleveland State University College of Law, Cleveland, Ohio, for plaintiff-appellant.

Murray Bilfield, Cleveland, Ohio, for defendant-appellee.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

PER CURIAM.

The complaint in this case was brought by a resident of Cleveland under 42 U.S.C. § 1983. Her claim was that defendant, a Cleveland police officer, arrested her for jaywalking and disorderly conduct allegedly without probable cause and with the use of excessive force and caused her to be unlawfully detained.

The complaint in this case sought an award to plaintiff of $5,000 in compensatory damages and $25,000 in punitive dam-

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

ages plus attorney's fees. At the close of the trial, plaintiff submitted a request to charge, which read:

> 25. Punitive damages are to be awarded, if at all, on the basis of punishment to the wrongdoer. *Vetters v. Berry*, [575 F.2d 90, 96 (6th Cir. 1978)]. Because the purpose of punitive damages is punishment of the wrongdoer as distinguished from compensation to the one who was allegedly wronged, *Vetters v. Berry, id.*, an award of compensatory damages is not a necessary prerequisite to an award of punitive damages. *Gill v. Manual*, 488 F.2d 799 (9th Cir. 1973); *Basista v. Weir*, 340 F.2d 74, 88 (3rd Cir. 1965).

To this the District Judge responded, "Twenty-five is covered by my charge." Actually, the District Judge's charge said:

> Plaintiff claims an award for punitive damages. It cannot be made unless you first award the plaintiff compensatory damages.

> \* \* \* \* \* \*

> If the jury should find by a preponderance of the evidence in the case the defendant's action or omission which proximately caused actual damage to the plaintiff or was maliciously, wantonly done, the jury may award punitive damages.

> But the jury should always bear in mind such extraordinary damage only is allowed if the jurors first unanimously award the plaintiff a verdict for damages.

The jury found in favor of defendant and against plaintiff.

Appellant in this case asserts that the District Judge's response to her requested charge # 25 did not properly disclose that he intended to give a considerably different charge than that which had been requested. Appellant in this case accurately points out that an award of even nominal damages by the jury would have been sufficient to show that it found constitutional violation and thus to warrant, in the jury's discretion, an award of punitive damages under the doctrine of *Carey v. Piphus*, 435 U.S. 247, 97 S.Ct. 1642, 55 L.Ed.2d 252 (1978).

While there is logic to appellant's argument, it does not completely fit the facts of this case. First, appellant's complaint and proofs were such as to require compensatory damages if the jury had accepted appellant's evidence. Second, the jury's finding for the defendant read, "We the jury empaneled and sworn find the issue in favor of the defendant Daniel Crawford, against the plaintiff Brigita Gumsey."

Under the total circumstances of this case, we hold that the jury finding was a clear-cut rejection of appellant's claim that conduct on the part of defendant violated her constitutional rights.

The judgment of the District Court is affirmed.